IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW CATES, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 10-5482 JSW (PR)<br><br>**ORDER OF DISMISSAL;<br>DENYING MOTION TO HOLD IN<br>CONTEMPT**<br><br>(Docket No. 13) |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this rights action pursuant to 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and he filed a timely amended complaint. The Court now reviews the amended complaint and dismisses it for failing to correct the deficiencies in the original complaint.

## DISCUSSION

I.　Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed.

1  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.    <u>Legal Claims</u>

      The claims in the original complaint against officials at Pelican Bay State Prison[1] ("PBSP"), where Plaintiff is housed, were dismissed with leave to amend because they did not comply with Rule 20(a) of the Federal Rules of Civil Procedure. Rule 20(a) provides:

> All persons. . .may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief

---

[1] Additional claims against officials at other prisons were dismissed without prejudice to refiling in the Eastern District of California where venue was proper.

2

> arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a). The Court found the claims improperly joined based on the following:

> The complaint names 14 defendants at [Pelican Bay State Prison]. Plaintiff includes claims that certain defendants are not providing adequate medical care, while other defendants have misclassified him, deprived him of sufficient heat and proper food, interfered with his mail, retaliated against him, placed him in administrative segregation, and denied him access to the courts. These claims are alleged to have arisen from different transactions, occurrences or series of occurrences, and do not involve a common question of law or fact. Accordingly, the Court finds the claims against the PBSP defendants improperly joined. Although a court may strike individual claims that are not properly joined, the Court cannot here determine which of the many claims against the PBSP defendants Plaintiff may wish to keep and which he wants to omit.

Plaintiff was granted leave to file an amended complaint, provided that it complies with Rule 20(a). Specifically, he was instructed that in his amended complaint, he may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. He was informed that any claims that do not satisfy Rule 20(a) must be brought in separate complaints filed in separate actions. Plaintiff was also cautioned that if his amended complaint did not comply with Rule 20(a), this action would be dismissed.

The amended complaint does not comply with Rule 20(a), and indeed suffers from precisely the same problems as the original complaint. Plaintiff now names 22 PBSP and state prison officials. Plaintiff includes claims that different defendants did not allow him to use the bathroom, misclassified him, housed him with inmates of a different race, deprived him of adequate medical and psychiatric care, used excessive force, placed him in administrative segregation, deprived him of adequate clothing and linen, interfered with his mail, and denied him access to the courts. As in the original complaint, these claims are alleged to have arisen from a series of different transactions and occurrences,

3

and do not involve a common question of law or fact.  Rather, Plaintiff again appears to be including simply everything he found to be objectionable over a certain period of time at PBSP.  Plaintiff was instructed not to do so and was informed that Rule 20(a) prohibits the joinder of such unrelated claims.  Consequently, as Plaintiff was cautioned, this case will be dismissed without prejudice to refiling a new case in the future that complies with Rule 20(a) by not joining a multitude of unrelated claims in a single complaint.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED without prejudice.  The motion to hold in contempt (docket number 13) is DENIED.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:   May 31, 2011

JEFFREY S. WHITE
United States District Judge

4